UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN SHAFFER<br>1303 Tyler Way<br>Lansdale, PA 19446<br><br>Plaintiff/Employee,<br>v.<br><br>PENNSBURY SCHOOL DISTRICT,<br>134 Yardley Ave.<br>Fallsington, PA 19058<br><br>Defendant/Employer. | No:  2:20-cv-3415<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff, Brian Shaffer, by and through his undersigned attorneys, files the within Complaint WITH DEMAND FOR TRIAL BY JURY, and avers as follows:

**I.        PARTIES, JURISDICTION & VENUE**

1. Plaintiff/Employee, Brian Shaffer is a male, homosexual individual, domiciled at 1303 Tyler Way., Lansdale, PA 19446.

2. Defendant/Employer Pennsbury School District is the legal entity subject to jurisdiction of this Court.

3. This Court has federal question jurisdiction over Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII").

4. This Court has supplemental jurisdiction over Plaintiff's claims brought under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (the "PHRA").

5. Plaintiff is an "employee"; and Defendant is an "employer" as defined in and/or within the meaning of Title VII and the PHRA.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2020, EEOC No: 530-2020-02034 (the "2/9/2020 Charge"). The 2/9/2020 Charge was amended on April 13, 2020 (the "4/13/2020 Amended Charge").

7. The 2/9/2020 Charge was brought within 180 days, or alternatively, 300 days, of the acts, pattern and practices giving rise to the Charge and as pled in detail herein.

8. The 4/13/2020 Amended Charge relates back to the original date of filing of the 2/9/2020 Charge. In the alternative, the 4/13/2020 Amended Charge was filed within 300 days of the adverse action that gives rise to the claims set forth herein.

9. On July 10, 2020, the EEOC issued Notice of Right to Sue (Issued on Request) for the 2/30/2020 Charge and 4/13/2020 Amended Charge. This action is timely brought within 90 days of the issuance of the Notice of Right to Sue.

10. Venue is appropriate in this Court Defendant's place of business where Plaintiff was employed is located in Bucks County, Pennsylvania.

## II.      FACTUAL ALLEGATIONS

11. On or about July 1, 2013, Plaintiff commenced employment for Defendant as Principal of Fallsington Elementary School.

12. At all times while employed by Defendant, Plaintiff's performance was excellent.

13. On July 18, 2018, Plaintiff filed a Charge of Discrimination with the EEOC, cross-filed with the PHRC, EEOC Docket #: 530-2018-04794 (the "7/18/2018 Charge").

14. The EEOC dismissed the 7/18/2018 Charge.

15. Plaintiff opted not to pursue those claims in court.

16. On July 1, 2019, Plaintiff was constructively discharged.

17. Superintendent William Gretzula has *respondeat superior* liability.

18. In or about December 2018, after securing a five-year contract, Gretzula said that he would "clean house" and get rid of anyone who filed an EEOC complaint, including Plaintiff.

19. At an executive session following his contract extension, Gretzula made this statement to members of the Defendant's board.

20. On another occasion, Gretzula made the same statement to representatives of the Pennsylvania Association of School Administrators.

21. School Board Director, Joshua Waldorf, repeatedly stated that he would support Gretzula's retaliation.

22. On or about April 15, 2019, Plaintiff had an interaction with a kindergarten student. Plaintiff handed that interaction professionally and in accordance with all of his responsibilities as Principal.

23. On May 6, 2019, Defendant suspended Plaintiff, allegedly because Plaintiff screamed at and grabbed the student.

24. The allegation against Plaintiff was false.

25. Defendant, by and through Gretzula (or alternatively another individual with *respondeat superior* liability), knew or should have known the allegation was false.

26. The alleged basis for Defendant's allegations against Plaintiff was a second-hand source. That is, an employee allegedly said another employee said that Plaintiff acted inappropriately.

27. Defendant allegedly learned of this interaction on April 24, 2019. However, Plaintiff was not suspended until May 6, 2019. If Defendant had *bona fide* belief that Plaintiff had acted inappropriately, Defendant would have suspended Plaintiff immediately pending the investigation.

28. Defendant notified the Falls Township Police. Following an investigation, Plaintiff was cleared of any wrongdoing.

29.     Defendant failed to appropriately investigate the allegations against Plaintiff. Its failure to investigate includes, but is not limited to, failure to interview persons who were present and would have testified that Plaintiff did nothing wrong; and failure to obtain *any* statement from any first-hand witness to support the finding of wrongdoing.

30.     It was clear to Plaintiff that Gretzula had no interest in determining whether Plaintiff acted appropriately; Gretzula was looking for a reason to discharge Plaintiff.

31.     Defendant was aware that Plaintiff was in the process of adopting a daughter. Defendant knew that claims of child abuse jeopardized the adoption.

32.     Plaintiff legitimately feared that Defendant would find an excuse to discharge him, if not for the April 15, 2019 interaction, then for some other reason.

33.     Accordingly, in order to preserve his career and his livelihood for his family, Plaintiff resigned his position and accepted employment as Principal for another school district with substantially less pay and benefits.

34.     Resigning his position from Defendant was not voluntary.

35.     Plaintiff was constructively discharged.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

      a) Lost wages;

      b) Lost back pay;

      c) Lost future wages;

      d) Lost benefits;

      e) Embarrassment and humiliation;

      f) severe emotional distress; and

      g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

**COUNT I:**  **RETALIATION**

37. Repeats and realleges paragraphs 1-36 as if set forth at length herein.

38. Defendant committed unlawful retaliatory conduct in violation of the laws.

39. The elements of a retaliation claim are as follows:

   1) The Plaintiff engaged in a protected activity;

   2) The Defendant took an adverse employment action against the Plaintiff;

   3) There was a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

40. Plaintiff engaged in a protected activity, as set forth in detail above and incorporated herein by reference.

41. Defendant took several adverse employment actions against Plaintiff, as set forth above and incorporated herein by reference.

42. Defendant's adverse employment actions were taken as a direct and proximate result of Plaintiff's participation in the protected activity.

43. As a direct and proximate result of Defendant's adverse employment actions, Plaintiff was constructively discharged.

44. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff, Brian Shaffer, demands judgment against Defendant, Pennsbury School District, for all equitable and monetary relief available under the applicable laws and other such relief as may be award; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs; all other damages allowed under the applicable laws; and such other relief as this Court deems just and proper.

**COUNT II:   PHRA**

45. Repeats and realleges paragraphs 1-44 as if set forth at length herein.

46. The foregoing violations of federal laws also constitute violations of the PHRA.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff, Brian Shaffer, demands judgment against Defendant, Pennsbury School District, for all equitable and monetary relief available under the applicable laws and other such relief as may be award; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs; all other damages allowed under the applicable laws; and such other relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED**

                Respectfully submitted,

                CREECH & CREECH, LLC

                /s/ Timothy P. Creech
                TIMOTHY P. CREECH
                1835 Market St., Suite 2626
                Philadelphia, PA 19103
                (215) 575-7618; Fax: (215) 575-7688
                Timothy@AttorneyCreech.com

DATED:    July 13, 2020