**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRIAN SHAFFER**<br>　　Plaintiff,<br><br>　　v.<br><br>**PENNSBURY SCHOOL DISTRICT**<br>　　Defendant. | :<br>:<br>:<br>:<br>:   **Civil Action No. 2:20-cv-3415**<br>:<br>:<br>:   **JURY TRIAL DEMANDED**<br>:<br>:<br>: |

**DEFENDANT PENNSBURY SCHOOL DISTRICT'S ANSWER WITH AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Pennsbury School District ("the District"), by and through its counsel, Sweet, Stevens, Katz & Williams, LLP, presents the following Answer to Plaintiff's Complaint, and avers as follows:

**I.   PARTIES, JURISDICTION & VENUE**

1.   Admitted upon information and belief.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted.

6.   Admitted in part, denied in part. The District admits that Plaintiff filed Charge No. 530-2020-02034 with the Equal Employment Opportunity Commission ("EEOC") on or about February 9, 2020, and that the Charge was "amended" on or about April 13, 2020. However, the allegations in paragraph 6 stating that both filings were "timely" are legal

conclusions and therefore denied. By way of further answer, both filings contained allegations outside of the EEOC's statute of limitations.

7. Denied as a conclusion of law.

8. Denied as a conclusion of law.

9. Admitted.

10. Denied as a conclusion of law.

## II.   FACTUAL ALLEGATIONS

11. Admitted.

12. Denied. Plaintiff's work performance has been characterized as either "proficient" or "distinguished."

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied as a conclusion of law. By way of further answer, in or around late February/early March of 2019, seven (7) out of twelve (12) of the Kindergarten through Fifth Grade teachers in Fallsington Elementary School requested that they be transferred to a different school within the District for the 2019-2020 School Year. On March 5, 2019, shortly after the transfer list was published, Plaintiff sent out an email to the staff in Fallsington Elementary School specifically referencing the requests for transfer.

Michele Spack, District Director of Elementary Education, was copied on this email. Three days later, Plaintiff sent another email entitled "Bus Ticket: You're Invited on My Bus" which specifically stated, "For those of you who are not interested in

"Rollin' with PAWS-itivity," you have my commitment to continue to support you as your building principal and my sincerest hope that you will reconsider.  I also respectfully request that you refrain from spreading negativity throughout our learning community.  You have "full ownership over your feelings" and a right to feel however you choose.  Please allow others to make their own decisions."  Ms. Spack was also copied on the March 8, 2019 Email.

On March 20, 2019, Ms. Spack met with Plaintiff regarding the "Energy Bus" email.  During the meeting, Ms. Spack asked Plaintiff if he thought that the email could have been misconstrued as divisive toward the teachers who requested transfers.  Plaintiff did not think so, and he noted that District teachers, pursuant to their Collective Bargaining Agreement, are entitled to request transfers.

On or about April 4, 2019, leaders of the Pennsbury Education Association (the District's Teachers' Union), contacted District Human Resources Director, Bettie Ann Rarrick and requested a meeting regarding the work environment at Fallsington Elementary School.  The Association's leaders explained that a culture of fear and intimidation existed at Fallsington Elementary.  They also explained that Staff (both teachers who requested a transfer from Fallsington and teachers who did not) was afraid to make recommendations regarding the students because of how Plaintiff would respond if he disagreed.  Plaintiff would also make belittling, sarcastic, and condescending comments to staff, and he would use his EEOC Charge as a form of intimidation against staff who disagreed with him (or staff who Plaintiff felt were challenging his authority).

As a result of the meeting with the Education Association, Ms. Rarrick and Ms. Spack started to investigate the concerns brought to their attention. Ms. Rarrick and Ms.

Spack met with Fallsington Elementary Staff Members on or about April 24, 2019, to address the concerns raised by the Association earlier in the month. During these meetings, one of the interviewees shared a concern related to Plaintiff's interaction with a Student at Fallsington Elementary on April 15, 2019. Specifically, the interviewee explained that another employee witnessed Plaintiff screaming at and grabbing a Kindergarten student, B.M., by the arm. Ms. Spack and Ms. Rarrick followed-up with the employee who actually saw Plaintiff grab the Student, and the employee confirmed what she saw. Ms. Rarrick shared this information with District Solicitor, Peter Amuso. Solicitor Amuso reviewed the District's obligations, pursuant to Pennsylvania's Child Protective Services Law, with Ms. Rarrick and Ms. Spack.

On May 3, 2019, Ms. Spack and Ms. Rarrick called Childline to confirm whether this accusation was required to be reported to Childline. Childline confirmed that Ms. Spack and Ms. Rarrick were required to report it, and so they reported the information conveyed to them by the Fallsington employees regarding Plaintiff grabbing B.M. Ms. Spack and Ms. Rarrick then met with Plaintiff on May 6, 2019, regarding his interaction with B.M. on April 15th. Plaintiff was permitted to have counsel and "Supervisors and Administrators of the Pennsbury School District" (known as "PASA") representation during the meeting. The District permitted District Director of Special Education, Sherri Morett, to serve as Plaintiff's PASA representation during the meeting even though Ms. Morett was not a PASA Member herself. Solicitor Amuso also attended the meeting via phone. During the meeting, Ms. Rarrick and Ms. Spack explained what information they had regarding B.M. They also made it clear that Plaintiff was under no obligation to provide an immediate response. Finally, they told Plaintiff that he would be placed on

4

paid administrative leave pending the conclusion of law enforcement's investigation. Ms. Rarrick and Ms. Spack continued to interview Fallsington Elementary School teachers and staff regarding the complaints shared by the Association in April of 2019, and many if not all of the Association's complaints were confirmed. Local law enforcement did not conclude its investigation of the allegations regarding B.M. until July 2, 2019-the day after Plaintiff resigned.

17. Denied as a conclusion of law.

18. Denied. Dr. Gretzula has never stated that he would "clean house" and "get rid of anyone who filed an EEOC complaint." By way of further answer, Dr. Gretzula does not possess the unilateral authority to "get rid" of Plaintiff. Any disciplinary action taken against Plaintiff, up to and including formal dismissal, would be voted upon by the District's Board of School Directors.

19. Denied. Dr. Gretzula never stated this to the Board of School Directors or anyone else. By way of further answer, any discussions between and amongst Administration, Board of School Directors, and their counsel are protected by the Attorney-Client privilege.

20. Denied. Dr. Gretzula never stated this to anyone.

21. Denied. Mr. Waldorf has never stated that he would "support Dr. Gretzula's retaliation." By way of further answer, any discussions between and amongst Administration, Board of School Directors, and their counsel are protected by the Attorney-Client privilege.

22. Denied as stated. By way of further answer, on or about April 4, 2019, leaders of the Pennsbury Education Association (District's Teachers' Union), contacted District Human Resources Director, Bettie Ann Rarrick and requested a meeting regarding the work environment at Fallsington Elementary School. The Association's leaders explained that

a culture of fear and intimidation existed at Fallsington Elementary. They also explained that Staff (both teachers who requested a transfer from Fallsington and teachers who did not) was afraid to make recommendations regarding the students because of how Plaintiff would respond if he disagreed. Plaintiff would also make belittling, sarcastic, and condescending comments to staff, and he would use his EEOC Charge as a form of intimidation against staff who disagreed with him (or staff who Plaintiff felt were challenging his authority).

As a result of the meeting with the Education Association, Ms. Rarrick and Ms. Spack started to investigate the concerns brought to their attention. Ms. Rarrick and Ms. Spack met with Fallsington Elementary Staff Members on or about April 24, 2019, to address the concerns raised by the Association earlier in the month. During these meetings, one of the interviewees shared a concern related to Plaintiff's interaction with a Student at Fallsington Elementary on April 15, 2019. Specifically, the interviewee explained that another employee witnessed Plaintiff screaming at and grabbing a Kindergarten Student, B.M., by the arm. Ms. Spack and Ms. Rarrick followed-up with the employee who actually saw Plaintiff grab the Student, and the employee confirmed what she saw. Ms. Rarrick shared this information with District Solicitor, Peter Amuso. Solicitor Amuso reviewed the District's obligations, pursuant to Pennsylvania's Child Protective Services Law, with Ms. Rarrick and Ms. Spack.

On May 3, 2019, Ms. Spack and Ms. Rarrick called Childline to confirm whether this accusation was required to be reported to Childline. Childline confirmed that Ms. Spack and Ms. Rarrick were required to report it, and so they reported the information conveyed to them by the Fallsington employees regarding Plaintiff grabbing B.M. Ms.

Spack and Ms. Rarrick then met with Plaintiff on May 6, 2019, regarding his interaction with B.M. on April 15th. Plaintiff was permitted to have counsel and "Supervisors and Administrators of the Pennsbury School District" (known as "PASA") representation during the meeting. The District permitted District Director of Special Education, Sherri Morett, to serve as Plaintiff's PASA representation during the meeting even though Ms. Morett was not a PASA Member herself. Solicitor Amuso also attended the meeting via phone. During the meeting, Ms. Rarrick and Ms. Spack explained what information they had regarding B.M. They also made it clear that Plaintiff was under no obligation to provide an immediate response. Finally, they told Plaintiff that he would be placed on paid administrative leave pending the conclusion of law enforcement's investigation. Ms. Rarrick and Ms. Spack continued to interview Fallsington Elementary School teachers and staff regarding the complaints shared by the Association in April of 2019, and many if not all of the Association's complaints were confirmed. Local law enforcement did not conclude its investigation of the allegations regarding B.M. until July 2, 2019.

23. Denied. See, the District's Answer to paragraphs 16 and 22 *supra*.

24. Denied. See, the District's Answer to paragraphs 16 and 22 *supra*.

25. Denied. See, the District's Answer to paragraphs 16 and 22 *supra*. By way of further answer, Dr. Gretzula did not participate in the investigation or interviews related to the employee complaints made against Plaintiff or the investigation related to the incident involving B.M.

26. Denied. See, the District's Answer to paragraphs 16 and 22 *supra*.

27. Denied. See, the District's Answer to paragraphs 16 and 22 *supra*.

28. Admitted. By way of further answer, Plaintiff was cleared of any wrongdoing on July 2, 2019, the day after Plaintiff announced his resignation from the District.

29. Denied. See, the District's Answer to paragraphs 16 and 22 *supra*.

30. Denied. Dr. Gretzula did not participate in the investigation or interviews related to the employee complaints made against Plaintiff or the investigation related to the incident involving B.M. By way of further answer, Dr. Gretzula did not possess the unilateral authority to discipline or discharge Plaintiffs.

31. Denied.

32. Denied. Upon reasonable investigation, Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 regarding what Plaintiff did or did not fear, therefore, those allegations are denied.

33. Admitted in part, denied in part. The District admits that Plaintiff resigned from the District. Upon reasonable investigation, Defendant lacks the knowledge or information sufficient to form a belief as to the truth regarding the remaining allegations in paragraph 33, therefore, those allegations are denied.

34. Denied as a conclusion of law.

35. Denied as a conclusion of law. By way of further answer, See, the District's Answer to paragraphs 16 and 22 *supra*.

36. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

      e. Denied.

      f. Denied; and

      g. Denied.

**COUNT I**:   **RETALIATION**

37. Defendant incorporates by reference the answers in Paragraphs 1-36.

38. Denied as a conclusion of law.

39. Denied as a conclusion of law.

40. Denied as a conclusion of law.

41. Denied as a conclusion of law.

42. Denied as a conclusion of law.

43. Denied as a conclusion of law.

44. Denied as a conclusion of law.

    WHEREFORE, in fully answering Plaintiff's Complaint, the Pennsbury School District respectfully requests for this Honorable Court to enter judgment in its favor and against the Plaintiff, award Defendant its costs incurred herein and reasonable attorneys' fees, and to grant the Pennsbury School District all other relief to which it may be entitled.

**COUNT II:  PHRA**

45. Defendant incorporates by reference the answers in Paragraphs 1-44.

46. Denied as conclusions of law.

47. Denied as conclusions of law.

WHEREFORE, in fully answering Plaintiff's Complaint, the Pennsbury School District respectfully requests for this Honorable Court to enter judgment in its favor and against the Plaintiff, award Defendant its costs incurred herein and reasonable attorneys' fees, and to grant the Pennsbury School District all other relief to which it may be entitled.

Respectfully submitted,

SWEET, STEVENS, KATZ & WILLIAMS LLP

Dated: September 15, 2020       By:     */s/ Justin D. Barbetta*
Justin D. Barbetta, Esquire, PA318221
331 Butler Avenue, Post Office Box 5069
New Britain, Pennsylvania  18901
Telephone:  (215) 345-9111
Facsimile:  (215) 348-1147

Attorney for Defendant,
Pennsbury School District

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN SHAFFER, | : | |
|     Plaintiff | : | Civil Action No. 2:20-cv-03415-GAM |
| | : | |
| v. | : | The Honorable Gerald A. McHugh |
| | : | |
| PENNSBURY SCHOOL DISTRICT, | : | Trial by Jury Demanded |
|     Defendant | : | |

**CERTIFICATE OF SERVICE**

    Undersigned counsel for Defendant, Pennsbury School District, hereby certifies that a true and correct copy of the foregoing Answer with Affirmative Defenses to Plaintiff's Complaint was served electronically through the court's online filing system upon counsel of record.

                            SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>September 15, 2020</u>    By:    <u>   /s/ Justin D. Barbetta   </u>
                                              Justin D. Barbetta, Esquire – PA 318221
                                              331 East Butler Avenue, POB 5069
                                              New Britain, Pennsylvania 18901
                                              (215) 345-9111

                                              Counsel for Defendant,
                                              Pennsbury School District